

EXHIBIT A

# Term Sheet For Think Finance-Chippewa Cree Transaction

Parties

Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana, or its Tribal entity to be known as "Plain Green, LLC" ("Tribe")

Think Finance, Inc. ("TF")

Haynes Investments, Inc. its successors and assigns ("Haynes")

GPL Servicing Ltd, a Cayman Islands company ("GPLS")

Transaction

TF will license its software to the Tribe pursuant to a software license agreement acceptable to the parties. TF will also provide risk management, application processing, underwriting assistance, payment processing, and ongoing customer service support coterminous with the software license agreement and market and/or identify access channels for consumer loans on the Tribe's behalf (jointly "Services").

The Tribe will adopt a finance code that is acceptable to all parties and provide for the licensing of an arm of the tribe to engage in consumer lending. The Tribe will also obtain a computer server and develop a call center to run the software provided by TF and to enable the Tribe to provide call center services to customers.

The Tribe will implement underwriting criteria to approve loans that it decides to offer to consumers on a nationwide basis through the internet. The initial product will be an installment loan with a maximum amount of $2,500 and a minimum repayment period of two months and a maximum repayment term of two years (a "Loan"). Interest rates on the loans will vary from an APR of 60% to 360% based upon the repayment history of the borrower and term of the loan. The Tribe will develop documentation for the lending process including an application, a loan agreement, an adverse action letter, and other related documents that comply with the federal consumer credit code including the Truth in Lending Act, the Equal Credit Opportunity Act, and the Electronic Funds Transfer Act. The Tribe will enter into an agreement with a U.S. bank to process loan transactions using the ACH system and will also develop the capability to process remote checks.

Haynes will arrange to provide funding to the Tribe to enable it to make each of the Loans. TF shall agree that the services provided by Haynes are exclusive as they relate to the Tribe and they shall not enter into any other relationship with the Tribe except as described herein.

#13950209 v8

GPLS may from time to time purchase participation interests in each Loan that meets agreed upon criteria within two business days of the funding of the Loan at 100% par value.

## Mechanics

The Tribe shall establish an account at a U.S. financial institution that will enable it to fund loans made and to receive payments from customers on each business day. Haynes shall fund an account at such institution with sufficient monies to fund one business day of Loans based upon average Loan volumes for the preceding month.

## Reserve Account

The Tribe shall establish a reserve account at a U.S. financial institution under the control of its law firm that will be available solely to deal with any regulatory issues, lawsuits or other controversies involving the Tribe and its lending activities. Such reserve account shall be funded by Tribe and TF equally out of the income earned from the Loans until the account has a balance of not less than $50,000 which amount shall be replenished from time to time to the extent it is drawn upon.

## Revenues

GPLS shall pay the Tribe 4.5% of cash revenue received on account of the Loans for which GPLS has acquired a participation interest each month and will advance to the Tribe as a prepayment on revenue, $50,000 each month for the first six months or until such time that the amount received exceeds $50,000. Additionally, the Tribe will be reimbursed for all out-of-pocket expenses.

GPLS shall pay a fee to Haynes equal to 1% of the cash revenue received on account of the Loans for which GPLS has acquired a participation interest each month.

For the 1% of the loan portfolio retained by the Tribe, the Tribe will receive 100% of the cash revenue minus 100% of the losses.

## Other Matters

TF commits that it will train and utilize not less than 10 members of the Tribe as customer service representatives on the Tribe's reservation within nine months after lending activity has begun.

The Tribe commits that it will use its best efforts to have completed the following critical path items within the next 14 days:

1. Establish "Plain Green, LLC" (or an entity with some other agreed upon name)
2. Revise the Tribal Credit Transaction Code to provide for a broader array of lending products
3. Obtain a license pursuant to the Chippewa Cree Tribal Credit Transaction Code if required
4. Setup bank account for "Plain Green, LLC"
5. Setup ACH processing for "Plain Green, LLC"
6. Get SSL for URL
7. Obtain 2 separate originating and servicing addresses for Plain Green, LLC and GPLS.

Legal Representation

Pepper Hamilton LLP ("Pepper") and Jones & Keller, PC ("J&K")" shall be counsel to the Tribe. All fees of Pepper (including a success fee) shall be paid by TF at the closing of the transaction (and will pay the fees in the event the transaction does not close), plus reimbursement for all costs.

J&K shall be paid as follows: an amount of $20,000 shall be wired by TF or Haynes to J&K's trust account on Thursday, March 10, 2011 which shall be applied by J&K in payment for all legal work performed by J&K (but not expense disbursements, if any, which shall be separately billed to TF or Haynes) during the week ending on March 18, 2011, and an additional amount of $7,500 shall be wired by Haynes to J&K's trust account which shall be applied by J&K in payment for all legal work performed by J&K provided that all action by the Tribe or on behalf of the Tribe that is necessary to complete the items contemplated above for the Tribe to complete have been accomplished in all material respects by March 18, 2011.

In addition to the above legal fees, an amount of $50,000 for the payment of other tribal legal and professional fees, as well as set up, administration, travel, and supplies shall be wired by TF or Haynes to J&K's trust account on Thursday, March 10, 2011 which shall be transferred by J&K (1) to the Tribe or as directed by the Tribe or by the Board of Directors of the tribal entity known as Plain Green, LLC provided that all action by the Tribe or on behalf of the Tribe that is necessary to complete the items contemplated above for the Tribe to complete have been accomplished in all material respects by March 18, 2011, or otherwise at the direction of the Tribe (2) to Haynes as directed by Steven Haynes.

This term sheet does not set forth all the terms and conditions of the transaction described herein. Rather, it is only an outline, in summary format, of major points of understanding, which will form the basis of the definitive documentation.

-3-

#13950209 v8

Except for obligations in respect of the "Legal Representation" paragraph above, in this paragraph and in the immediately succeeding paragraph, this term sheet is not, and shall not be deemed to be, a binding agreement by any of the parties hereto to consummate the transaction described herein. Such agreement will arise only upon the execution and delivery by the parties hereto of definitive documentation satisfactory in form and substance to each of the parties and the fulfillment, to the satisfaction of the parties, of the conditions precedent set forth herein and in such definitive documentation.  In the event the transaction described herein shall not have been consummated on or before the day that is            days after the date of this executed term sheet, this term sheet shall automatically terminate on such 45th day (unless extended in writing by the parties).

This term sheet and the terms set forth herein are confidential, and none of the parties shall disclose the terms of this term sheet, or the fact that negotiations amongst the parties are ongoing, to any third party, including, without limitation, any other source of potential financing for the transaction described herein; provided, that the parties may provide a copy of this term sheet to their attorneys and financial advisors, in each case, for use only in connection with the proposed transaction and on a confidential basis.

Agreed to by the below signatories.

CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S INDIAN RESERVATION, MONTANA, or its Tribal entity to be known as "Plain Green, LLC"

By: _____

THINK FINANCE, INC.

By: _____

HAYNES INVESTMENTS, INC., its successors and assigns

By: _____

GPL SERVICING LTD., a Cayman Islands company

By: _____

Dated: March 11, 2011

Except for obligations in respect of the "Legal Representation" paragraph above, in this paragraph and in the immediately succeeding paragraph, this term sheet is not, and shall not be deemed to be, a binding agreement by any of the parties hereto to consummate the transaction described herein. Such agreement will arise only upon the execution and delivery by the parties hereto of definitive documentation satisfactory in form and substance to each of the parties and the fulfillment, to the satisfaction of the parties, of the conditions precedent set forth herein and in such definitive documentation. In the event the transaction described herein shall not have been consummated on or before the day that is ___ days after the date of this executed term sheet, this term sheet shall automatically terminate on such 45th day (unless extended in writing by the parties).

This term sheet and the terms set forth herein are confidential, and none of the parties shall disclose the terms of this term sheet, or the fact that negotiations amongst the parties are ongoing, to any third party, including, without limitation, any other source of potential financing for the transaction described herein; provided, that the parties may provide a copy of this term sheet to their attorneys and financial advisors, in each case, for use only in connection with the proposed transaction and on a confidential basis.

Agreed to by the below signatories.

CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S INDIAN RESERVATION, MONTANA, or its Tribal entity to be known as "Plain Green, LLC"

By: _____

THINK FINANCE, INC.

By: _____

HAYNES INVESTMENTS, INC., its successors and assigns

By: _____

GPL SERVICING LTD., a Cayman Islands company

By: _____

Dated: March 11, 2011

-4-

#13950209 v3